UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

JORGE JESUS SILVA,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

**DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant WAL-MART STORES EAST, LP ("Wal-Mart"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to this Court the state court action filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2022-021673-CA-01 (the "State Court Action"), with full reservation of rights, exceptions, and defenses, and in support thereof states:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1. On or about November 11, 2022, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, *i.e.*, the State Court Action. *See* Complaint attached as **Ex. A**.

2. The Complaint was served on Wal-Mart on November 30, 2022. *See* **Ex. B.**

3. Plaintiff alleges Wal-Mart was negligent and the cause of injuries he allegedly sustained when he slipped and fell due to alleged dangerous conditions. *See* Complaint ¶ 9.

Plaintiff alleges he was injured, and also suffered permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition *Id*. ¶ 12.

4. Plaintiff alleges he is a resident of Miami-Dade County, Florida. *Id*. ¶ 2.

5. The Complaint incorrectly alleges that Wal-Mart is a corporation formed under the laws of the state of Florida. *Id*. ¶ 4. Wal-Mart is a foreign corporation. **Composite Ex. D**.

6. On or about July 19, 2022, prior to filing the instant lawsuit, Plaintiff's counsel sent Wal-Mart a pre-suit demand letter seeking $550,000 in damages. *See* correspondence attached as **Composite Ex. C.**

7. Accordingly, this matter is removable based on the complete diversity of citizenship of the parties and an amount in controversy of over $75,000, exclusive of interest, attorney's fees, and costs.

8. Wal-Mart has not yet responded to the Complaint, and it reserves all defenses and objections to this action, intending no waiver by this removal. Pursuant to stipulation, Wal-Mart's response to the Complaint is currently due January 19, 2023. A corresponding proposed order will be submitted to this Court.

## II.     **REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

9. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

10. The State Court Action is subject to removal pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because, at this time, this Court has original jurisdiction based upon a complete diversity

of citizenship of the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs. *See AAA Abachman Enter., Inc. Stanley Steemer Int'l, Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008) (case properly removed based on diversity); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772 (11th Cir. 2010) (a defendant may supplement allegations of complaint with facts demonstrating diversity jurisdiction on removal).

    A.    **The Parties Are Completely Diverse**

        (i)    **Citizenship of Plaintiff**

11.    Plaintiff alleges he is a resident of Miami-Dade County, Florida. *See* Complaint ¶ 2. Thus, he is a citizen of Florida for purposes of diversity jurisdiction.

12.    "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *8 (S.D. Fla. June 1, 2009) (internal citations omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citizenship is equivalent to domicile); *Turner v. Wells*, 15-CV-61855, 2017 WL 364428, at *2 (S.D. Fla. Jan. 25, 2017) (for purposes of diversity of citizenship, an individual person's citizenship is equivalent to his or her domicile).

13.    Here, Plaintiff's admitted Miami-Dade County residence is prima facie evidence of his Florida domicile, which is equivalent to his Florida citizenship for purposes of establishing diversity in this case.

        (ii)    **Citizenship of Wal-Mart Stores East, LP**

14.    Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

15. When it comes to limited partnerships, "a federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity." *Muscle Shoals Assocs., Ltd. v. MHF Ins. Ag., Inc.*, 792 F. Supp. 1224, 1226 (N.D. Ala. 1992); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens") (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990)).

16. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc., a Delaware-incorporated company. The principal place of business for all entities mentioned is Arkansas.

17. Thus, Wal-Mart's citizenship is Delaware and Arkansas for purposes of establishing diversity in this case.

18. At no material time has Wal-Mart Stores East, LP, or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached as **Composite Ex. D**.

19. As such, the parties are completely diverse.

**B.     The Threshold Amount in Controversy Is Met**

20. The amount in controversy here exceeds $75,000.00, as required by 28 USC § 1332(a)(1).

21. Although Plaintiff's Complaint does not specify an amount in controversy other than surpassing the state circuit court's $30,000.00 jurisdictional minimum, it is clear that his claimed damages exceed $75,000.00 based on his pre-suit demand of $550,000, which lists medical bills of over $50,000, plus the additional damages alleged in the Complaint, including lost earnings, impairment of earning capacity, pain, disability, physical impairment, physical disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, and continuing damages, including future medical expenses and other bills. *See* Complaint; Composite Exhibit C; *Katz*, 2009 U.S. Dist. LEXIS 51705, at *15 (defendant met its burden of establishing amount in controversy based on medical bills presented in a pre-suit demand).

22. "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *Do Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344-45 (S.D. Fla. 2013) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)) (denying plaintiff's motion to remand where defendant provided sufficient evidence that amount in controversy exceeded statutory minimum despite the fact that complaint did not claim that specific amount). Moreover, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

23. The amount in controversy exceeds the threshold for federal diversity jurisdiction when, as here, a plaintiff alleges "permanent and continuing damages, including past and future medical expenses, pain, disability, inconvenience, disfigurement, suffering, and mental anguish."

*Buckles v. Coombs*, Case No. 6:16-cv-1619-Orl-37KRS, 2016 U.S. Dist. LEXIS 180784, at *11-12 (M.D. Fla. Dec. 28, 2016) (citing *Gebbia v. Wal—Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding that the amount in controversy requirement was satisfied where the plaintiff only alleged that her slip and fall resulted in severe physical injury, lost wages, lost enjoyment of life, and pain and suffering)).

24. Accordingly, the amount in controversy threshold is satisfied here, as Plaintiff has likewise alleged that he has "sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills" and that his injuries are "permanent or continuing" and he will "suffer the losses in to the future." *See* Ex. A, ¶ 12.

25. In addition, Plaintiff has served a demand well in excess of the jurisdictional threshold, substantiated by medical records. A pre-suit demand is sufficient evidence of the amount in controversy. In *Katz*, this District Court concluded that the removing defendant properly established the amount in controversy based on the plaintiff's pre-suit demand package. 2009 U.S. Dist. LEXIS 51705, at *13. The Court specifically was persuaded that "the pre-suit demand package reflect[ed] an honest assessment of damages by plaintiffs." *Id*. at 15. *See also Mick v. De Vilbiss Air Power Co*., No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (pre-suit demand letters are competent evidence of the amount in controversy.). The evidence provided with this notice of removal demonstrates that Plaintiff's claimed damages exceed $75,000.00.

26. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

27. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

### III. REMOVAL IS TIMELY AND VENUE IS PROPER

28. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty days of service of Plaintiff's Complaint. The thirty-day period commenced on November 30, 2022, when Plaintiff served his Complaint.

29. Venue is proper in the United States District Court for the Southern District of Florida because the State Court Action was pending in the 11th Judicial District in and for Miami-Dade County. *See* 28 U.S.C § 89(c).

### IV. ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

30. Pursuant to 28 U.S.C. § 1446(a), Wal-Mart attaches hereto and makes a part of this notice of removal a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit in and for Miami-Dade County together with a docket sheet from the Clerk of the Court. *See* **Composite Ex. E.**

31. Pursuant to 28 U.S.C. § 1446(d), Wal-Mart will promptly serve Plaintiff with a copy of this Notice of Removal and also file a copy of this Notice of Removal in the State Court Action.

32. This removal is being signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

## **CONCLUSION**

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the parties are completely diverse, the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs, and removal is timely.

Dated:  December 30, 2022                                    Respectfully submitted

By: */s/ Christina Olivos*
Christina Olivos, Esq.
Fla. Bar Bo. 119580
Email: colivos@reedsmith.com
Maximilien Palenzuela, Esq.
Fla. Bar No. 1031444
Email: mpalenzuela@reedsmith.com
**REED SMITH LLP**
200 S. Biscayne Blvd., Floor 26
Miami, FL 33131
Telephone: (786) 747-0200

- 9 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 30, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that a true and correct copy of the foregoing was served this date via email upon counsel for Plaintiffs: **Carlos Jordi, Rubenstein Law, P.A., 9130S. Dadeland Blvd., PH, Miami, FL 33156, 305-661-6000, cjordi@rubensteinlaw.com, bmachado@rubensteinlaw.com, and eservice@rubensteinlaw.com**.

By: */s/ Christina Olivos*
Christina Olivos, Esq.